# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LUKE C. CODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1640 AGF |
| | ) | |
| UNKNOWN APPLEGATE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted, and because plaintiff has no money to pay an initial partial filing fee, the Court will not assess one. *See* 28 U.S.C. § 1915(b)(4). Additionally, this action is dismissed under 28 U.S.C. § 1915(e).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff alleges that defendant Applegate, who was a police officer for the City of St. Louis Metropolitan Police Department, framed him for first-degree robbery in 2007. *See Missouri v. Cody*, No. 0722-CR09031-01 (City of St. Louis). Plaintiff says his public defender and the court coerced him to plead guilty even though he was innocent. The court sentenced him to seven years' imprisonment. He did not appeal.

With regard to the same incident, the United States charged plaintiff with felon in possession of a firearm. *United States v. Cody*, No. 4:08-CR-237 JCH (E.D. Mo.). On November 25, 2008, plaintiff pled guilty to attempted carjacking and use of a firearm during or in relation to a crime of violence. The Court sentenced him to sixty months' imprisonment to be served concurrently with the state case.

## Discussion

This action is identical to a case plaintiff brought in September 2014, *Cody v. Sublette Police Dep't*, No. 2:14-CV-89 DDN (E.D. Mo.). The Court dismissed the case under 28 U.S.C. § 1915(e) because it was barred by the five-year statute of limitations. As a result, the complaint will be dismissed as duplicative. *E.g.*, *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future in forma pauperis petitions).

Additionally, this action is also time-barred and must be dismissed. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

Finally, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless

the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). In this case, plaintiff's allegations imply the invalidity of his conviction. So, this case must be dismissed on this ground as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 31st day of October, 2016.

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE